# EXHIBIT A

## Verified Statement of Sarah Mercado

I, Sarah Mercado, hereby state the following under penalty of perjury:

1. I am an adult individual residing in Adams County, Pennsylvania.

2. Gregory M. Snyder ("State Court Judge") is a judge of the Court of Common Pleas of York County, Pennsylvania ("State Court").

3. York County District Attorney David W. Sunday, Jr. ("Sunday"), has charged Tyree M. Bowie ("Bowie"), an adult male, in the death of D.M. ("D.M."), a two year-old child.

4. I am D.M.'s aunt.

5. The case against Bowie is now pending in the York County Court of Common Pleas at criminal action no. 7558-2018.

6. The charges maintained by Sunday against Bowie include a count of murder in the first degree.

7. In the course of Bowie's case, Bowie obtained various documents in discovery concerning the investigation into D.M.'s death.

8. Prior to D.M.'s death, I had made a report to the York County Office of Children and Youth Services ("York County CYF") pleading for intervention to protect D.M.'s welfare.

9.   Among the documents produced to Bowie in discovery were certain documents that had been generated in the course of the York County CYF's response to Mercado's report ("CYF Documents").

10.   The CYF Documents included information taken from a statewide database maintained by the Pennsylvania Department of Human Services ("Pa DHS") that contains information including reports, investigations and determinations of suspected child abuse ("Statewide Database").

11.   After receiving the CYF Documents, Bowie transmitted the same to me.

12.   I believe and have publicly asserted that Bowie is innocent of D.M.'s murder and that York County CYF failed to take appropriate steps against the actual guilty party despite my report to that agency.

13.   I created a Facebook group more than a year ago known as "Justice for Dante," alternately known as "justicefordante815," in support of my beliefs and I have used the group Facebook page to publish various of the CYF Documents online and to condemn York County CYF's failure to act in the face of my report seeking D.M.'s protection.

14.   On October 11, 2021, I became aware of the issuance of an order of the State Court in the case against Bowie ("October 11, 2021 Order") that facially purports to restrain every person on earth in possession of the CYF Documents I

had received, including those already posted to the internet, from disseminating such documents and ordering that any such documents already posted online be taken down. A copy of the October 11, 2021 Order is attached as Exhibit A.

15. The October 11, 2021 Order states,

### ORDER

> AND NOW, TO WIT, it is hereby ordered and directed that any individuals in possession of any discovery material and/or Confidential Child Protective Services records related to D.M. and the prosecution of the above-captioned matter are hereby precluded from disseminating or distributing those records unless permitted by further Order of Court. Distribution shall include physically providing, mailing, emailing, and/or posting on the internet. All records that have been posted on the internet shall be removed.
>
> /s/ Gregory M. Snyder
> The Honorable Gregory M. Snyder

Exhibit A.

16. On October 12, 2021, the State Court issued a second order in the case against Bowie ("October 12, 2021 Order") which is nearly identical to the October 11, 2021 Order. A copy of the October 12, 2021 Order is attached as Exhibit B.

17. The October 12, 2201 Order contains the following additional language.

> Copies of this order shall be provided to the Clerk of Courts; Attorney Farley Holt, Counsel for Defendant; Attorney Erin Kraska of the District Attorney's Office and Attorney Aaron Martin, Counsel for Sarah Mercado and Victoria Schrader.

Exhibit B.[1]

18. I am not a party to Bowie's case, nor was I given any notice of any request for the issuance of either of the Prior Restraint Orders.

19. I was not given any opportunity to be heard on the issuance of either order, nor was I given any notice that either of the Prior Restraint Orders had been issued until October 11, 2021, and October 12, 2021, respectively.

20. The Prior Restraint Orders substantially burden my ability to continue my public advocacy campaign against the York County CYF by using the CYF Documents, which I assert establish the agency's failures.

21. Because the Prior Restraint Orders were issued in a case in which I have no standing as a party, I was not afforded an opportunity by the State Court Judge to contest either order prior to its issuance.

22. Nevertheless, the orders purported to immediately gag me from further disseminating the CYF Documents or even maintaining online any such documents as I had already uploaded.

23. Neither the State Court Judge, Sunday nor any other state or private actor offered or afforded to me notice of any request for the Prior Restraint Orders, and I in fact had no notice of any such request prior to their issuance, despite the

---

[1] I will refer to the October 11, 2021 Order and October 12, 2021 Order collectively as the "Prior Restraint Orders."

orders being mandatory in nature, seeking to coerce me to undertake affirmative action in derogation of my right of free speech.

24. The Prior Restraint Orders have put me in reasonable fear of civil and/or criminal consequences that may be in the nature of coercive orders and/or punishment through the State Court's contempt powers if I should continue to exercise my First Amendment right of free speech to further publish and distribute the CYF Documents or even simply to leave online any CYF Documents I have already posted.

25. The CYF Documents provide information about the operations of Pennsylvania state and local government.

26. Without a preliminary injunction, I will suffer imminent and irreparable harm and my speech will be chilled because of the threat of civil and criminal sanctions for dissemination of discovery and/or CYF Documents, even if I should simply fail to remove from the internet documents I have previously uploaded.

27. I have no adequate remedy at law, because I am under threat of imminent adverse legal consequences if I should further disseminate the discovery or CYF Documents I received from Bowie or even fail to take down any of the same that I have uploaded and are available online.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on 10/14/21                              *Sarah Mercado*
                                              Sarah Mercado

**EXHIBIT B**

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-67-CR-7558-2018 |
| | : | |
| v. | : | Murder of the First |
| | : | and Third Degree |
| TYREE BOWIE | : | |

### ORDER

AND NOW, TO WIT, it is hereby ordered and directed that any individuals in possession of any discovery material and/or Confidential Child Protective Services records related to D.M. and the prosecution of the above-captioned matter are hereby precluded from disseminating or distributing those records unless permitted by further Order of Court. Distribution shall include physically providing, mailing, emailing, and/or posting on the internet. All records that have been posted on the internet shall be removed.

The Honorable Gregory M. Snyder

# EXHIBIT C

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA : CP-67-CR-7558-2018
:
v. :
: Murder of the First
TYREE BOWIE : and Third Degree
:

**ORDER**

AND NOW, TO WIT, this 12th day of Oct., 2021, it is hereby ordered and directed that any individuals in possession of any discovery material and/or Confidential Child Protective Services records related to D.M. and the prosecution of the above-captioned matter are hereby precluded from disseminating or distributing those records unless permitted by further Order of Court. Distribution shall include physically providing, mailing, emailing, and/or posting on the internet. All records that have been posted on the internet shall be removed.

Copies of this Order shall be provided to the Clerk of Courts; Attorney Farley Holt, Counsel for Defendant; Attorney Erin Kraska of the District Attorney's Office and Attorney Aaron Martin, Counsel for Sarah Mercado and Victoria Schrader.

The Honorable Gregory M. Snyder