

Supreme Court of Pennsylvania
ADMINISTRATIVE OFFICE OF PENNSYLVANIA COURTS
1515 Market Street, Suite 1414
Philadelphia, PA 19102
(215) 560-6300
www.pacourts.us

November 9, 2021

FILED VIA ECF

Honorable Jennifer P. Wilson
U. S.D.C. for the Middle District of Pa.
Ronald Reagan Federal Bldg. & U.S. Courthouse
228 Walnut Street
Harrisburg, PA 17101

                Re:   *Mercado v. Hon. Snyder*
                        No. 21-cv-1743

Dear Judge Wilson:

    I represent Defendant the Honorable Gregory M. Snyder in this case. This matter involves Plaintiff's First Amendment claim regarding an Order that Judge Snyder entered in a criminal case in the Court of Common Pleas of York County. As stated in the Brief in Opposition to Plaintiff's Motion for Preliminary Injunction, Judge Snyder scheduled a hearing for this past Friday, November 5th, on the Order and the Commonwealth's motion that precipitated it. The Order invited "all parties in interest" the "opportunity to be heard, present evidence, and provide argument to the Court[.]" (See Exhibit C to the Brief in Opposition.)

    To update the Court, the hearing was held. Neither Plaintiff nor counsel attended, although notice was provided. The transcript from the hearing is attached.

                                                  Respectfully,

                                                 MICHAEL DALEY
                                                 Legal Counsel to the
                                           Court Administrator of Pennsylvania

Enclosure

cc:    Counsel of record via ECF

IN THE COURT OF COMMON PLEAS OF YORK COUNTY,

PENNSYLVANIA

COMMONWEALTH  : CP-67-CR-0007558-2018
:
VS :
:
TYREE MARCHE'LI BOWIE :

(Hearing)

York, PA, Friday, November 5, 2021

Before the Honorable Gregory M. Snyder, Judge

APPEARANCES:

    ERIN KRASKA, Esquire
    STEPHANIE LOMBARDO, Esquire
    Assistant District Attorneys
    For the Commonwealth

    FARLEY HOLT, Esquire
    For the Defendant

\* \* \*

O R D E R

14:04:15 20    Before this Court for hearing on the
14:04:24 21 Commonwealth's motion for protective order filed
14:04:35 22 October 12, 2021, is the Commonwealth, ADAs Lombardo
14:04:44 23 and Kraska, the defendant in the case, and his counsel
14:04:48 24 of record, Attorney Farley Holt.
14:04:54 25    We note that despite the contents of the

1

| | | |
|---|---|---|
| 14:05:00 | 1 | order specifically directed at third parties regarding |
| 14:05:07 | 2 | the matter at hand, none of them have showed up and no |
| 14:05:11 | 3 | one purporting to represent them have shown up.  While |
| 14:05:21 | 4 | we are somewhat surprised by that, they are not under |
| 14:05:24 | 5 | order to show up but were invited to appear with the |
| 14:05:30 | 6 | understanding that the Court would entertain any |
| 14:05:34 | 7 | evidence or argument they wished to make with regard to |
| 14:05:40 | 8 | the Court's issuance of the protective order. |
| 14:05:48 | 9 | We note that our protective order in |
| 14:05:52 | 10 | this case was issued pursuant to Pennsylvania Rule of |
| 14:05:56 | 11 | Criminal Procedure 573(f) which reads, upon a |
| 14:06:10 | 12 | sufficient showing, the Court may at any time order the |
| 14:06:14 | 13 | discovery or inspection be denied, restricted or |
| 14:06:20 | 14 | deferred or make such other order as is appropriate |
| 14:06:24 | 15 | regarding discovery materials.  Upon motion of any |
| 14:06:33 | 16 | party, the Court may permit the showing to be made in |
| 14:06:36 | 17 | whole or in part in the form of a written statement to |
| 14:06:41 | 18 | be inspected by the Court in camera.  If the Court |
| 14:06:48 | 19 | enters an order granting relief following a showing in |
| 14:06:51 | 20 | camera, the entire text of the statement shall be |
| 14:06:55 | 21 | sealed and preserved in the records of the court to be |
| 14:07:01 | 22 | made available to the appellate courts in the event of |
| 14:07:04 | 23 | an appeal. |
| 14:07:05 | 24 | Upon this Court's receipt of the motion |
| 14:07:09 | 25 | seeking the protective order, we reviewed the discovery |

```
14:07:20   1    materials that were the subject of that motion,
14:07:25   2    determined that there was, based upon that review and
14:07:29   3    the information set forth in the motion, sufficient
14:07:34   4    showing for the Court to issue its order.  We did so.
14:07:42   5              We do know that there's nothing in that
14:07:50   6    rule and there is no legal authority to stand for the
14:07:53   7    proposition that an evidentiary hearing or other court
14:07:59   8    proceeding prior to the Court's consideration and
14:08:02   9    issuance of the protective order is required.  In fact,
14:08:07  10    just the contrary is the case.
14:08:10  11              We note specifically the Superior Court
14:08:16  12    case from 2017 in Commonwealth v. Sellers at 169 A.3d
14:08:33  13    43.  The relevant or pertinent part of that opinion
14:08:48  14    clearly indicates that nothing in the rule in question
14:08:57  15    requires any evidentiary hearing or other opportunity
14:09:03  16    to be heard prior to the issuance of a protective order
14:09:10  17    as long as a sufficient showing for good cause to issue
14:09:17  18    the order can be ascertained by the Court in camera.
14:09:22  19    We so ascertained.
14:09:26  20              The information in question is materials
14:09:32  21    obtained through the course of discovery in this
14:09:35  22    pending criminal case.  Discovery materials are subject
14:09:42  23    to protective orders not only in the Commonwealth of
14:09:47  24    Pennsylvania but at the federal level as well.
14:09:59  25              The information sought to be protected
```

```
14:10:02  1    is comprised of various records of York County
14:10:08  2    Children, Youth & Families and contain what we would
14:10:18  3    call categorically confidential information regarding
14:10:27  4    that agency's investigation into alleged incidences of
14:10:35  5    child abuse and also regarding the subject child's
14:10:43  6    medical information.
14:10:46  7             We also note that it is patently clear
14:10:49  8    to this Court and manifest that medical information is
14:10:56  9    confidential under Pennsylvania constitution.  People
14:11:07 10    have a right to privacy, which includes the
14:11:12 11    confidentiality of their medical records.
14:11:30 12             Therefore, after further consideration
14:11:37 13    and review, we are satisfied that the Court acted
14:11:42 14    appropriately in issuing the protective order of
14:11:47 15    October 12, 2021.  That order remains in full force and
14:11:54 16    effect.
14:11:56 17             Frankly, it was the Court's hope that
14:12:00 18    the individuals who the Commonwealth indicates have
14:12:02 19    been disseminating this confidential discovery material
14:12:10 20    were present so that we could make sure they understood
14:12:13 21    the consequences of their violating this protective
14:12:24 22    order.  Again, they weren't required to be here.  We
14:12:29 23    wish they were here.
14:12:39 24             We also tell Mr. Holt and the
14:12:46 25    Commonwealth that if there are any modifications to the
```

```
14:12:49  1    protective order that they believe are appropriate or
14:12:55  2    necessary, they should bring those to the Court's
14:13:00  3    attention by appropriate means and we will certainly
14:13:03  4    address them as soon as possible.
```

* * *

bln
11/05/2021