# Exhibit E

IN THE COURT OF COMMON PLEAS OF YORK COUNTY,

PENNSYLVANIA

COMMONWEALTH          :     CP-67-CR-0007558-2018
   VS               :
                           :
TYREE MARCHE'LI BOWIE  :

(Hearing)

York, PA, Friday, November 5, 2021

Before the Honorable Gregory M. Snyder, Judge

APPEARANCES:

    ERIN KRASKA, Esquire
    STEPHANIE LOMBARDO, Esquire
    Assistant District Attorneys
    For the Commonwealth

    FARLEY HOLT, Esquire
    For the Defendant

* * *

O R D E R

Before this Court for hearing on the Commonwealth's motion for protective order filed October 12, 2021, is the Commonwealth, ADAs Lombardo and Kraska, the defendant in the case, and his counsel of record, Attorney Farley Holt.

We note that despite the contents of the

1

```
14:05:00  1    order specifically directed at third parties regarding
14:05:07  2    the matter at hand, none of them have showed up and no
14:05:11  3    one purporting to represent them have shown up.  While
14:05:21  4    we are somewhat surprised by that, they are not under
14:05:24  5    order to show up but were invited to appear with the
14:05:30  6    understanding that the Court would entertain any
14:05:34  7    evidence or argument they wished to make with regard to
14:05:40  8    the Court's issuance of the protective order.
14:05:48  9              We note that our protective order in
14:05:52 10    this case was issued pursuant to Pennsylvania Rule of
14:05:56 11    Criminal Procedure 573(f) which reads, upon a
14:06:10 12    sufficient showing, the Court may at any time order the
14:06:14 13    discovery or inspection be denied, restricted or
14:06:20 14    deferred or make such other order as is appropriate
14:06:24 15    regarding discovery materials.  Upon motion of any
14:06:33 16    party, the Court may permit the showing to be made in
14:06:36 17    whole or in part in the form of a written statement to
14:06:41 18    be inspected by the Court in camera.  If the Court
14:06:48 19    enters an order granting relief following a showing in
14:06:51 20    camera, the entire text of the statement shall be
14:06:55 21    sealed and preserved in the records of the court to be
14:07:01 22    made available to the appellate courts in the event of
14:07:04 23    an appeal.
14:07:05 24              Upon this Court's receipt of the motion
14:07:09 25    seeking the protective order, we reviewed the discovery
```

```
14:07:20  1    materials that were the subject of that motion,
14:07:25  2    determined that there was, based upon that review and
14:07:29  3    the information set forth in the motion, sufficient
14:07:34  4    showing for the Court to issue its order.  We did so.
14:07:42  5                We do know that there's nothing in that
14:07:50  6    rule and there is no legal authority to stand for the
14:07:53  7    proposition that an evidentiary hearing or other court
14:07:59  8    proceeding prior to the Court's consideration and
14:08:02  9    issuance of the protective order is required.  In fact,
14:08:07 10    just the contrary is the case.
14:08:10 11                We note specifically the Superior Court
14:08:16 12    case from 2017 in Commonwealth v. Sellers at 169 A.3d
14:08:33 13    43.  The relevant or pertinent part of that opinion
14:08:48 14    clearly indicates that nothing in the rule in question
14:08:57 15    requires any evidentiary hearing or other opportunity
14:09:03 16    to be heard prior to the issuance of a protective order
14:09:10 17    as long as a sufficient showing for good cause to issue
14:09:17 18    the order can be ascertained by the Court in camera.
14:09:22 19    We so ascertained.
14:09:26 20                The information in question is materials
14:09:32 21    obtained through the course of discovery in this
14:09:35 22    pending criminal case.  Discovery materials are subject
14:09:42 23    to protective orders not only in the Commonwealth of
14:09:47 24    Pennsylvania but at the federal level as well.
14:09:59 25                The information sought to be protected
```

3

```
14:10:02  1    is comprised of various records of York County
14:10:08  2    Children, Youth & Families and contain what we would
14:10:18  3    call categorically confidential information regarding
14:10:27  4    that agency's investigation into alleged incidences of
14:10:35  5    child abuse and also regarding the subject child's
14:10:43  6    medical information.
14:10:46  7                We also note that it is patently clear
14:10:49  8    to this Court and manifest that medical information is
14:10:56  9    confidential under Pennsylvania constitution.  People
14:11:07 10    have a right to privacy, which includes the
14:11:12 11    confidentiality of their medical records.
14:11:30 12                Therefore, after further consideration
14:11:37 13    and review, we are satisfied that the Court acted
14:11:42 14    appropriately in issuing the protective order of
14:11:47 15    October 12, 2021.  That order remains in full force and
14:11:54 16    effect.
14:11:56 17                Frankly, it was the Court's hope that
14:12:00 18    the individuals who the Commonwealth indicates have
14:12:02 19    been disseminating this confidential discovery material
14:12:10 20    were present so that we could make sure they understood
14:12:13 21    the consequences of their violating this protective
14:12:24 22    order.  Again, they weren't required to be here.  We
14:12:29 23    wish they were here.
14:12:39 24                We also tell Mr. Holt and the
14:12:46 25    Commonwealth that if there are any modifications to the
```

```
14:12:49  1    protective order that they believe are appropriate or
14:12:55  2    necessary, they should bring those to the Court's
14:13:00  3    attention by appropriate means and we will certainly
14:13:03  4    address them as soon as possible.
```

                              *   *   *

bln
11/05/2021