IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH MERCADO, | : Civil No. 1:21-CV-01743 |
| Plaintiff, | : |
| v. | : |
| GREGORY M. SNYDER, Judge of the Court of Common Pleas of York County, in his official capacity, | : |
| Defendant. | : Judge Jennifer P. Wilson |

## ORDER

This is an action seeking declaratory and injunctive relief filed by Plaintiff Sarah Mercado ("Mercado") against Gregory M. Snyder, a York County Court of Common Pleas Judge ("Judge Snyder"). Before the court is a motion for a preliminary injunction filed by Mercado. (Doc. 5.) For the reasons that follow, the motion will be denied. (*Id.*)

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to the complaint, on January 3, 2019, York County District Attorney David Sunday, Jr. charged Tyree M. Bowie ("Bowie") by criminal information with the murder of D.M., a two-year old child.[1] (Doc. 1, ¶¶ 6, 9.) Mercado is D.M.'s aunt, who believes that Bowie is innocent of D.M.'s murder and has been publicly advocating against his conviction since these charges were

---

[1] The criminal case against Bowie remains pending in the York County Court of Common Pleas at docket number 7558-2018. (Doc. 1, ¶ 8.)

1

filed. (*Id.* ¶¶ 7, 15.)  As part of her advocacy efforts, Mercado maintains a Facebook group entitled "Justice for Dante" on which she posts her belief that Bowie is innocent, and that the York County Office of Children and Youth Services ("CYS") was the party responsible for failing D.M.  (*Id.* ¶ 16.)

During the course of discovery in his criminal case, Bowie received various documents concerning investigations into D.M.'s death, including documents from CYS.  (*Id.* ¶¶ 10, 12.)  Before D.M.'s death, Mercado made a report to CYS expressing concern for D.M.'s wellbeing.  (*Id.* ¶ 11.)  Mercado's report, and the documents associated with the investigation stemming therefrom, were part of the documents available to Bowie in his ongoing criminal case.  (*Id.* ¶ 12.)  After Bowie received these documents, he sent them to Mercado, who posted them to her Facebook page as additional evidence of CYS's alleged failings surrounding D.M.'s death.  (*Id.* ¶¶ 14, 16.)

On October 11, 2021, after these documents had been posted to Mercado's Facebook page for over a year, Mercado became aware of an order entered in Bowie's criminal case by Judge Snyder that purported to restrain the dissemination of the CYS documents disclosed during discovery in Bowie's case and ordered that any documents already posted online be removed or taken down, including those posted to Mercado's Facebook page.  (*Id.* ¶ 17; Doc. 6, p. 23.)[2]  On October 12,

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

2021, Judge Snyder issued a second order, which is identical to the October 11, 2021 order, except that it directs copies of the order to be served on counsel for Mercado, who is not a party to Bowie's criminal case. (*Id.* ¶¶ 19–21.) These orders (collectively, "gag orders") state that:

> AND NOW, TO WIT, it is hereby ordered and directed that any individuals in possession of any discovery material and/or Confidential Child Protective Services records related to D.M. and the prosecution of the above-captioned matter are hereby precluded from disseminating or distributing those records unless permitted by further Order of Court. Distribution shall include physically providing, mailing, emailing, and/or posting on the internet. All records that have been posted on the internet shall be removed.

(*Id.* ¶¶ 18, 20.) As a result, Mercado alleges that she faces contempt proceedings if she does not comply with Judge Snyder's gag orders, thus forcing her to remove all postings that have been available on her Facebook page for over a year. (Doc. 1-2, pp. 2, 4.)

Mercado filed the instant complaint on October 13, 2021, seeking declaratory and injunctive relief on the ground that Judge Snyder's gag orders unconstitutionally infringe her First Amendment right to free speech and should not be enforced. (*Id.* at 40.) Soon thereafter, on October 20, 2021, Mercado filed the instant motion for a preliminary injunction and an accompanying brief in which she has requested resolution of this motion on an emergency basis. (Docs. 5, 6.) On October 27, 2021, the court held a telephonic status conference with the parties to set an expedited schedule for the resolution of this motion and to determine

whether counsel for Judge Snyder anticipated filing a motion to dismiss the complaint. (Doc. 8.) During this call, defense counsel indicated that Judge Snyder planned to hold a hearing on the gag orders, thus presenting an opportunity for Mercado to be heard on her constitutional challenges. (Doc. 8.) Judge Snyder held such a hearing on November 5, 2021, but Mercado did not attend this proceeding, despite being given notice of its occurrence. (Doc. 12.) Since Mercado did not attend, Judge Snyder did not modify or rescind the gag orders. (*Id.*)

On November 3, 2021, Judge Snyder filed a motion to dismiss the complaint. (Doc. 10.) On the same day, Judge Snyder filed a brief in opposition to Mercado's motion for a preliminary injunction. (Doc. 11.) Mercado timely filed a reply brief. (Doc. 15.) Thus, the motion for a preliminary injunction is ripe for review.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 65 allows a district court to enter a preliminary injunction. To obtain a preliminary injunction, plaintiffs must establish (1) that they are likely to prevail on the merits of the case; (2) that they would suffer irreparable harm if preliminary injunctive relief were denied; (3) that the harm defendants would suffer from the issuance of an injunction would not outweigh the harm plaintiffs would suffer if an injunction were denied; and (4) that the public interest weighs in favor of granting the injunction. *Holland v. Rosen*,

895 F.3d 272, 285–86 (3d Cir. 2018) (citing *Del. Strong Families v. Att'y Gen. of Del.*, 793 F.3d 304, 308 (3d Cir. 2015)).  The first two factors are "gateway factors": if the plaintiffs have not established those factors, the court need not consider the last two factors.  *Greater Phila. Chamber of Commerce v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)).  If the plaintiffs do establish the first two factors, "[t]he court then determines 'in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief.'"  *Id.* (quoting *Reilly*, 858 F.3d at 179).

A preliminary injunction is "an extraordinary remedy never awarded as of right."  *Benisek v. Lamone*, 585 U.S. __, 138 S. Ct. 1942, 1943 (2018) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).  Thus, a preliminary injunction should only be awarded in the "limited circumstances" where "the movant, by a clear showing, carries the burden of persuasion."  *Holland*, 895 F.3d at 285.  Ultimately, the decision of whether to issue a preliminary injunction is left to the sound discretion of the district court.  *Pennsylvania v. President of United States*, 930 F.3d 543, 565 (2019) (citing *Winter*, 555 U.S. at 24).

## DISCUSSION

Judge Snyder argues that injunctive relief is unavailable to Mercado because 42 U.S.C. § 1983 provides that injunctive relief shall not issue in an action against

a judicial officer for an act taken in his or her judicial capacity unless a declaratory decree was violated or declaratory relief is unavailable.  (Doc. 11, p. 6.)  Because Judge Snyder's gag orders were a judicial act taken in his judicial capacity, he cannot be subject to a preliminary injunction.  (*Id.*)  Even if Mercado could obtain injunctive relief, Judge Snyder argues that she has failed to satisfy the requirements for a preliminary injunction.[3]  (*Id.* at 9–18.)

Mercado rejoins that declaratory relief is "temporally unavailable" to her because there is a chance that she could be held in contempt of Judge Snyder's gag orders before she is able to obtain declaratory relief from this court.  (Doc. 15, pp. 6, 8, 10–11.)  Mercado asserts that she must either comply with the gag orders in violation of her First Amendment right to free speech or risk contempt proceedings for failure to comply with the directives in the gag orders.  (*Id.*)  Thus, Mercado alleges that she is faced "with a classic Hobson's choice" that renders declaratory relief inadequate and entitles her to preliminary injunctive relief to protect her from contempt proceedings and First Amendment rights violations.[4]  (Doc. 15, p. 12.)

The court addresses these arguments below.

---

[3] Judge Snyder also argues that this court should abstain from involving itself in the ongoing state criminal proceeding.  (Doc. 11, pp. 11–14.)

[4] Mercado also argues that she is entitled to a preliminary injunction on the merits.  (*See* Doc. 6.)

6

As stated by the Court of Appeals for the Third Circuit, "[i]t is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Allen v. Debello*, 861 F.3d 433, 439 (3d Cir. 2017) (quoting *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000)).  However, judges may still be subject to lawsuits under certain, limited circumstances.  (*Id.*)  The Federal Courts Improvement Act of 1996 amended 42 U.S.C. § 1983 to state that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."[5]  42 U.S.C. § 1983.  While the amended language "does not expressly authorize suits for declaratory relief against judges[,] . . . it implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate."  *Allen*, 861 F.3d at 339 (quoting *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197–98 (3d Cir. 2000)).  In other words, the only way that a plaintiff can obtain injunctive relief against a state court judge for issuing an allegedly unconstitutional order is to demonstrate that the judge violated a prior declaratory judgment or that declaratory

---

[5] The Court of Appeals for the Third Circuit has found that this statutory amendment applies to both state and federal judges. *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006).

relief is unavailable. *Argen v. Kessler*, No. 18-963, 2018 U.S. Dist. LEXIS 168238, at *14 (D.N.J. Sept. 28, 2018).

Initially, the court finds that Judge Snyder's issuance of the gag orders was a judicial act taken in his judicial capacity. *See Affeldt v. Carr*, 628 F. Supp. 1097, 1101 (N.D. Ohio 1985) (describing how "the issuance of gag orders" is a judicial act because it is a "prerogative[] of a judge"); *see also Stump v. Sparkman*, 435 U.S. 349, 362 (1978) ("The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."). Indeed, this is the case even if, as Mercado argues, Judge Snyder's gag orders were procedurally improper. *See Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 770, n.8 (3d Cir. 2000) (a judicial act "does not lose its judicial character merely because it . . . is imbued with procedural error"); *see also Stump*, 435 U.S. at 359 ("A judge is absolutely immune from liability for [his or her] judicial acts even if [his or her] exercise of authority is flawed by the commission of grave procedural errors."); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 661 (E.D. Pa. 2014) ("[T]he fact that any order may have been issued 'ex parte, without notice to [the petitioner] or an opportunity for him to be heard, does not mean that [the judge's] act was not judicial.'") (quoting *Gallas*, 211 F.3d at 770).

Thus, the only way that Mercado can obtain injunctive relief against Judge Snyder for the issuance of the gag orders is to demonstrate that Judge Snyder violated a prior declaratory judgment or that declaratory relief is unavailable to her. *Argen*, 2018 U.S. Dist. LEXIS 168238, at *14.  It is clear that Judge Snyder has not violated a prior declaratory judgment, as the contested gag orders were issued on October 11 and 12, 2021, respectively, and the instant lawsuit seeking declaratory and injunctive relief was filed a day later on October 13, 2021. Therefore, Mercado must show that declaratory relief is unavailable to her.

Courts have found that "[d]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *Tryboski v. Platt*, No. 1:17-cv-2042, 2018 U.S. Dist. LEXIS 106607, at *12 (M.D. Pa. June 25, 2018), *report and recommendation adopted* July 25, 2018 (quoting *LeDuc v. Tilley*, No. 3:05-CV-157, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005)) (citing *Jones v. Tarantino*, No. 15-CV-5211, 2016 WL 5173258, at *3 (E.D.N.Y. Sept. 21, 2016) ("[D]eclaratory relief was available in the form of an appeal."); *Hoai v. Superior Court of D.C.*, 539 F. Supp. 2d 432, 435 (D.D.C. 2008) ("[A] failure to get one's desired decisions in our [state] courts does not constitute such 'unavailability' and the suit must therefore be dismissed."); *Salem v. Paroli*, 260 B.R. 246, 254 (S.D.N.Y. 2001) ("[B]ecause plaintiff appealed [the state court

9

judge's] decision . . . and [the state appellate courts] denied the appeal, declaratory relief was not 'unavailable' to him.")).

Likewise, where a petitioner has failed to appeal or otherwise challenge an underlying state court order before choosing to disobey it, federal courts have declined to offer relief to a petitioner charged with contempt proceedings or sanctions. *Walker v. City of Birmingham*, 388 U.S. 307, 320–21 (1967). This is the case even in instances where "vital First Amendment rights were involved," and even if the underlying judicial action was "unquestionably suspect" if the petitioner fails "to make any attempt to challenge the court order before disobeying it." *United States v. Stine*, 646 F.2d 839, 845 (3d Cir. 1981); *Birmingham*, 388 U.S. at 320–21.

In this case, declaratory relief was, and is unquestionably available to Mercado for three reasons. First, the court notes that Mercado was offered the potential for declaratory relief by Judge Snyder himself when he chose to convene a reconsideration hearing on the gag orders. This was an explicit opportunity for Mercado to voice her constitutional concerns before Judge Snyder, which could have afforded her relief. Despite receiving notice of this hearing, at which her appearance was permitted, Mercado chose not to attend or otherwise participate. (*See* Doc. 12.) The court finds that this lack of participation undermines both Mercado's argument that declaratory relief is unavailable as well as her argument

10

that injunctive relief must be granted on an expedited basis. In fact, Mercado was afforded an opportunity for immediate, direct relief from the gag orders by presenting her constitutional argument to Judge Snyder, but chose not to avail herself of this option.

Second, Mercado has not alleged that she would be unable to challenge the gag orders through a direct appeal to an intermediate appellate court in Pennsylvania. Under federal law, gag orders such as those entered in this case are immediately appealable as a final decision on a collateral matter, regardless of the fact that the orders were entered in a criminal case to which the affected individual is not a party. *See United States v. Shiavo*, 504 F.2d 1, 7 (3d Cir. 1974). Mercado has not alleged that a similar process is unavailable under Pennsylvania law, nor has she alleged that she has attempted to pursue this avenue of relief.

Third, Mercado has not moved to expedite her request for declaratory relief from this court.[6] Moreover, Mercado has cited no authority, and the court has not independently found any, indicating that there is a temporal component to the unavailability of declaratory relief under 42 U.S.C. § 1983 as she argues. In other words, there is no support for the proposition that declaratory relief should be deemed "unavailable" merely because it is not immediately available when a

---

[6] In Mercado's reply brief, she asserts in a footnote that she "is ready, willing and desirous to proceed to a final trial on the merits of this case as soon as the Court can possibly entertain the same." (Doc. 15, p. 11 n.5.) However, no motion to expedite has been filed.

plaintiff requests it or because ongoing proceedings in the state court may serve to ultimately remove her claim for declaratory relief from the federal court's consideration.

Thus, the court finds that declaratory relief is not unavailable to Mercado. As such, she cannot obtain injunctive relief in this case based on this threshold determination. The court will therefore not discuss the merits of Mercado's request for a preliminary injunction under the Rule 65 standard, and will deny the instant motion for this reason.[7]

Finally, with respect to Mercado's "Hobson's choice" argument, the court notes that the Third Circuit has explained the following:

> It is fundamental to our legal system that "all orders and judgments of courts must be complied with promptly. If a person to whom a judge directs an order believes that order is incorrect[,] the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). A person who makes a private determination that an order is incorrect, or even unconstitutional, may properly be convicted of criminal contempt for violation of the order even if his or her private determination is later proven correct in the courts.

*Stine*, 646 F.2d at 845 (citing *Walker*, 388 U.S. 307; *Howat v. Kansas*, 258 U.S. 181 (1922)). "This is not to say that [a petitioner] does not have the capacity to disobey [a court order], but it is to say that a price must be paid for disobedience,"

---

[7] To be clear, the court's ruling is confined to the instant motion for a preliminary injunction. The court does not purport to make any determination on the ultimate merits of the case in this order.

which may take various forms. *United States v. Starusko*, 729 F.2d 256, 263 (3d Cir. 1984).

Thus, while the court acknowledges Mercado's "Hobson's choice" dilemma, the court perceives that it is of her own making to some extent. Mercado had the opportunity to contest the constitutionality Judge Snyder's orders before Judge Snyder himself, but chose not to do so. Likewise, she has failed to appeal his orders to an intermediate appellate court in Pennsylvania. These were two options for more immediate declaratory relief that she has elected to forego. Declaratory relief is not unavailable to Mercado in state court; rather, she has chosen not to seek that relief in that forum. As a result, the court will decline to entertain the instant motion for a preliminary injunction.

## CONCLUSION

For the foregoing reasons, the motion for a preliminary injunction filed by Plaintiff, Doc. 5, is **DENIED**.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: November 19, 2021